# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNY SHIELDS** | : | CIVIL ACTION |
| *Petitioner-pro se* | : | |
| | : | NO. 17-1507 |
| v. | : | |
| | : | |
| **SUPERINTENDENT DELBALSO**, *et al.* | : | |
| *Respondents* | : | |

# ORDER

**AND NOW**, this 28th day of March 2019, upon consideration of the pleadings and record herein, including, *inter alia*, the *pro se* petition for writ of *habeas corpus* filed by Petitioner Kenny Shields ("Petitioner") pursuant to 28 U.S.C. § 2254 (the "Petition"), [ECF 1]; the response to the petition filed by Respondents, [ECF 12]; the state court record; the *Report and Recommendation* (the "R&R") issued by the Honorable Jacob P. Hart, United States Magistrate Judge ("the Magistrate Judge"), [ECF 14], recommending that the Petition be denied as untimely; and Petitioner's *pro se* objections to the R&R, [ECF 19], and after conducting a *de novo* review of the objections, it is hereby **ORDERED** that:

1. The *Report and Recommendation* (the "R&R") is **APPROVED** and **ADOPTED**;

2. The objections to the R&R are without merit and are **OVERRULED**;[1]

---

[1] In the R&R, the Magistrate Judge recommends that Petitioner's *habeas corpus* petition be denied as untimely because it was filed after expiration of the applicable one-year statute of limitations. Petitioner objects to this conclusion and proffers factual and legal arguments with respect to the timeliness of his petition that were completely absent from his Petition. Specifically, Petitioner left blank the section of the court form which required Petitioner to address whether his Petition was timely and, if not, the explanation for why the claims are not barred by the one-year statute of limitations. [*See* ECF 1, at p. 14]. Having failed to present these arguments in the first instance to the Magistrate Judge, Petitioner cannot raise them now.

Notwithstanding, after considering Petitioner's argument with respect to the timeliness of his petition, this Court finds that such argument is without merit. As concluded by the Magistrate Judge, Petitioner's judgment became final on October 24, 2010, ninety days after the Pennsylvania Supreme Court denied his petition for allocatur. After considering statutory tolling of the one-year statute during the time that Petitioner was properly pursuing state post-conviction relief, Petitioner's underlying §2254 petition was required to be filed by no later than September 2, 2016. He did not file his petition until March 30, 2017, which was more than six months after the limitations period expired. Petitioner also has not offered any valid grounds for equitable

3. Petitioner's petition for a writ of *habeas corpus*, [ECF 1], is **DENIED**; and

4. No probable cause exists to issue a certificate of appealability.[2]

The Clerk of Court is directed to mark this matter **CLOSED**.

BY THE COURT:

*/s/ Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

tolling. As such, Petitioner's underlying petition was untimely, and the claims asserted therein are barred by the one-year statute of limitations.

[2]  A district court may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). For the reasons set forth, this Court concludes that no probable cause exists to issue such a certificate in this action because Petitioner has not made a substantial showing of the denial of any constitutional right. Petitioner has not demonstrated that reasonable jurists would find this Court's assessment "debatable or wrong." *Slack*, 529 U.S. at 484. Accordingly, there is no basis for the issuance of a certificate of appealability.